MARCUS, Justice
(dissenting).
I believe that the majority errs in applying La.R.S. 44:9(B) to this case. By using terms such as “nolle prosequi, acquittal or dismissal,” there is little doubt the legislature intended La.R.S. 44:9(B) to apply to situations where there had been an indictment. This interpretation is reinforced by La.Code Crim.P. art. 691, which states, “the district attorney has the power to dismiss an indictment or a count in an indictment_” (emphasis added). Clearly, there can not be a dismissal until there is an indictment to dismiss. Since relator was never indicted, La.R.S. 44:9(B) is inapplicable.
La.R.S. 44:9(C)(1) deals with the situation, such as here, where there has been an arrest but no indictment. However, in such a situation, the statute allows ex-pungement only where “the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.” Relator was arrested for aggravated rape (La.R.S. 14:42), which carries a sentence of life imprisonment. Under La.Code Crim.P. art. 571, there is no time limitation for the institution of prosecution for any crime for which the punish *195 ment may be life imprisonment. Therefore, relator does not fall within the terms of La.R.S. 44:9(C)(1). In granting a statutory right to expungement, the legislature may place restrictions on its application. In my view, there are no constitutional prohibitions that would preclude such restrictions. Accordingly, I respectfully dissent.